UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CHRISTINE D. DANIELS,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, CHRISTINE D. DANIELS ("DANIELS"), by and through her undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. DANIELS brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. DANIELS was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania,

authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to DANIELS by LINA.

6. DANIELS was at all times material an employee of PRA Group, Inc.

7. DANIELS was at all times material a plan participant under the PRA Group, Inc. Group Long Term Disability Insurance Policy, Policy Number FLK-960928 (the "LTD Policy"), which was established by PRA Group, Inc. and pursuant to which DANIELS is entitled to benefits. A copy of the LTD Policy has been attached hereto as Exhibit "A".

8. The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Policy, DANIELS is entitled to LTD benefits for the duration of her disability, or until she reaches Social Security Normal Retirement Agre, so long as she remains disabled as required under the terms of the LTD

Policy.

12. According to the LTD Policy,

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 80% or more of his or her Indexed Earnings.
>
> The Insurance Company will require proof of earnings and continued Disability.

13. Since approximately October 27, 2017, DANIELS has been disabled under the terms of the LTD Policy.

14. Shortly after becoming disabled, DANIELS made a claim to LINA under the LTD Policy for long term disability benefits.

15. By way of a denial letter dated February 20, 2018, LINA informed DANIELS that it was unable to approve her claim for benefits and thus denied DANIELS' claim for LTD benefits.

16. DANIELS timely and properly appealed LINA's initial denial letter.

17. By letter dated May 1, 2018, LINA informed DANIELS that it was affirming its previous decision to deny her claim for benefits.

18. DANIELS timely and properly appealed LINA's May 1, 2018 denial letter.

19. By letter dated December 13, 2018, LINA informed DANIELS that it was affirming its previous decisions to deny her claim for benefits and informed DANIELS that all administrative remedies had been exhausted.

20. At all relevant times DANIELS complied with all conditions precedent and exhausted all

administrative remedies under the LTD Policy.

21. At all relevant times, solely because of injury or sickness, DANIELS has been unable to perform the material duties of her Regular Occupation and unable to earn 80% or more of her Indexed Earnings from working in her Regular Occupation.

22. At all relevant times, solely due to injury or sickness, DANIELS has been unable to perform the material duties of any occupation for which she is, or may reasonably become, qualified based on education, training or experience and unable to earn 80% or more of her Indexed Earnings.

23. At all relevant times, DANIELS has been under the regular care of a doctor.

24. At all relevant times, DANIELS was a Covered Person under the LTD Policy.

25. From January 25, 2018 (when LTD benefits would have initiated) through the present, DANIELS has not received benefits owed to her under the LTD Policy despite DANIELS' right to these benefits.

26. LINA has refused to pay DANIELS' LTD benefits.

27. At all relevant times, LINA was the payer of benefits.

28. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Policy.

29. At all relevant times, LINA was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

30. At all relevant times, DANIELS has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Policy.

31. DANIELS has been forced to retain the services of the undersigned counsel in order to

prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

32. DANIELS incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

34. Pursuant to 29 U.S.C. §1132(a)(1)(B), DANIELS, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

35. DANIELS has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINA's failure to pay her disability benefits.

36. DANIELS has exhausted all administrative remedies under the LTD Policy.

37. Defendant breached the LTD Policy and violated ERISA in the following respects:

> (a) Failing to pay LTD benefit payments to DANIELS at a time when LINA knew, or should have known, that DANIELS was entitled to those benefits under the terms of the LTD Policy, as DANIELS was disabled and unable to work and therefore entitled to benefits.
>
> (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of DANIELS' claim for LTD benefits;
>
> (c) After DANIELS' claim was terminated in whole or in part, LINA failed to adequately describe to DANIELS any additional material

5

        or information necessary for DANIELS to perfect her claim, along with an explanation of why such material is or was necessary.

        (d)    LINA failed to properly and adequately investigate the merits of DANIELS' disability claim and failed to provide a full and fair review of DANIELS' claim.

38. DANIELS believes and thereon alleges that LINA wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which DANIELS is presently unaware, but which may be discovered in this future litigation and which DANIELS will immediately make LINA aware of once said acts or omissions are discovered by DANIELS.

39. Following the termination of benefits under the LTD Policy, DANIELS exhausted all administrative remedies required under ERISA and DANIELS has performed all duties and obligations on her part to be performed under the LTD Policy.

40. As a proximate result of the aforementioned wrongful conduct of LINA, DANIELS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

41. As a further direct and proximate result of this improper determination regarding DANIELS' claim for benefits, DANIELS, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), DANIELS is entitled to have such fees and costs paid by LINA.

42. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, DANIELS is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

## **REQUEST FOR RELIEF**

WHEREFORE, CHRISTINE D. DANIELS prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 2, 2019

                                                  ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*
ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com

                                                GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com